**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA**
**CHAPTER 13 PLAN (Individual Adjustment of Debts)**

■ __3rd__ Modified Plan (Indicate 1st, 2nd, etc. amended, if applicable)

DEBTOR: Nicolas A. Jimenez        JOINT DEBTOR:_____        CASE NO.: 13-30331 BKC-AJC
Last Four Digits of SS# 7509        Last Four Digits of SS# _____

**MONTHLY PLAN PAYMENT:** Including trustee's fee of 10% and beginning 30 days from filing/conversion date, Debtor(s) to pay to the trustee for the period of __60__ months. In the event the trustee does not collect the full 10%, any portion not collected will be paid to creditors pro-rata under the plan:

   A.  $  2,221.50   for months    1    to    26   ;
   B.  $  6,517.64   for months    27   to  _____ ;
   C.  $    199.07   for months    28   to    60   ; in order to pay the following creditors:

Administrative:  Attorney's Fee - $ 3,500.00 + 1,800.00 + 750.00 + 1,000(2xMOD) + 225 Costs = $7,275.00
                TOTAL PAID  - $ 1,700.00
                Balance Due  - $ 5,575.00   Payable $ 194.23 /month (Months  1  to  26 )
                                           Payable $ 525.00 /month (Months  27 to ____ )

Secured Creditors: [Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Liens on Real or Personal Property:

1. Ocwen Loan Servicing fka Indymac          MMM Program (APPROVED PERMANENT MOD)
Address: 1661 Worthington Road, Ste 100      Approved beginning November 01, 2015
West Palm Beach, FL 33409                    Payment $ 1,883.12 /month (Months   1  to  26 )
Account No: 7195869081                       Payment $ 2,696.50 /month (Months  27  to ____)
                                             Payment $     0.00 /month (Months  28  to  60 )

**IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION WILL ALSO BE SERVED ON YOU PURSUANT TO BR 7004 and LR 3015-3.**

| Secured Creditor | Description of Collateral and Value of Collateral | Interest Rate | Plan Payments | Months of Payment | Total Plan Payments |
|---|---|---|---|---|---|
| IndyMac Bank/OneWest Bank (2nd Mtg) Acct # xxxxx0474 | Homestead property located at 9055 NW 168 Terr Miami, FL 33018 $335,000.00 | 0.00% | $0.00 | 1 To 60 | $0.00 |

Priority Creditors: [as defined in 11 U.S.C. §507]

1. Internal Revenue Service      Total Due $  8,556.63
                                 Payable  $      0.00 /month (Months   1   to   26  )
                                 Payable  $  2,644.38 /month (Months   27  to   27  )
                                 Payable  $    179.16 /month (Months   28  to   60  )

Unsecured Creditors:  Pay $  77.61 /month (Months  1  to  26 )
                      Pay $   0.00 /month (Months  27 to  60 )

LF-31 (rev. 01/08/10)

Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

Other Provisions Not Included Above: Debtor was permanently approved loan modification with Ocwen Loan Servicing fka Indymac; as such, will continue being paid outside the Plan. IndyMac Bank/OneWest Bank (2nd Mtg) is being stripped off through the Chapter 13 Plan. **The debtor(s) is hereby advised that the Ch.13 trustee has requested that the debtor comply with 521 (f) 1-4 on an annual basis during the pendency of this case. The debtor(s) hereby acknowledges that the deadline for providing the Trustee with their filed tax returns is modified to be on or before May 15 each year the case is pending and that the debtor(s) shall provide the trustee with verification of their disposable income if their gross household income increases by more than 3% over the previous years' income.**

The Debtor has filed a Verified Motion for Referral to LMM with Ocwen Loan Servicing, LLC. ("Lender"), loan number 7195869081 , for real property located at 9055 NW 168 Terrace Miami, FL 33018. The parties shall timely comply with all requirements of the Order of Referral to LMM and all Administrative Orders/Local Rules regarding LMM. While the LMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, the Debtor has included a post-petition plan payment, absent Court order to the contrary, of no less than 31% of the Debtor's gross monthly income as a good faith adequate protection payment to the Lender. All payments shall be considered timely upon receipt by the trustee and not upon receipt by the Lender. Until the LMM is completed and the Final Report of Loss Mitigation Mediator is filed, any objection to the Lender's Proof of Claim on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the Proof of Claim only. The Debtor shall assert any and all other objections to the Proof of Claim prior to confirmation of the plan or modified plan.If the Debtor, co-obligor/co-borrower or other third party (if applicable) and the Lender agree to a settlement as a result of the pending LMM, the Debtor will file a Motion to Approve Loss Mitigation Agreement with Lender no later than 14 calendar days following settlement. Once the settlement is approved by the Court, the Debtor shall immediately amend or modify the plan to reflect the settlement and the Lender shall amend its Proof of Claim to reflect the settlement, as applicable. If a settlement is reached after the plan is confirmed, the Debtor will file a motion to modify the plan no later than 30 calendar days following approval of the settlement by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached after confirmation of the plan. The parties will then timely comply with any and all requirements necessary to complete the settlement. In the event the Debtor receives any financial benefit from the Lender as part of any agreement, the Debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly. If the Lender and the Debtor fail to reach a settlement, then no later than 14 calendar days after the Mediator's Final Report is filed, the Debtor will amend or modify the plan to (a) conform to the Lender's Proof of Claim (if the Lender has filed a Proof of Claim) or (b) provide that the real property will be surrendered. If the amended or modified plan provides that the real property is to be surrendered, then the obligations to the Lender will be considered "treated outside the plan" and the Lender shall have in rem relief from the automatic stay as to the real property being surrendered. Notwithstanding the foregoing, Lender may file a motion to confirm that the automatic stay is not in effect as to the real property. Confirmation of the plan will be without prejudice to the assertion of any rights the Lender has to address payment of its Proof of Claim."

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

                /s  
Debtor  
Date:      11/17/2015

LF-31 (rev. 01/08/10)